FILED

NOV 0 5 2004

LARRY W. PROPES, CLERK
CHARLESTON, SC

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

UNITED STATES OF AMERICA,

- against -

STANTON D. ALLABEN,
    Petitioner,

Case No. 9:00-517-1(RH)

AFFIDAVIT IN SUPPORT

STATE OF NEW YORK
COUNTY OF ESSEX

    Stanton D. Allaben, being duly sworn, deposes and says:

    1. That I am the petitioner in this criminal action, and that I submit this affidavit in support of the instant petition for relief pursuant to Rule 52(b), Federal Rules of Criminal Procedure, for this Court's failure to make specific findings pursuant to United States Sentencing Guidelines, (USSG § 6A1.1(a)(b), in relation to various objections made, and not resoluted.

    2. That I was originally sentenced by this Court on September 27, 2001, to a term of imprisonment of seventy months, consisting of sixty (60) months as to Count Three, and ten (10) months as to Count Four, to run consecutively.

    3. This Court ordered that the sentence to be served consecutive to achieve the total punishment under the sentencing guildelines, § 5G1.2(d).

    4. On July 1, 2003, this Court issued an Order, adjusting the petitioner's sentence pursuant to USSG § 5G1.3, to reflect a term of imprisonment that petitioner had served, as a result of conduct taken into account in determining the sentencing guidelines range for the instant federal offense.

2

## INSTANT ASSERTION

5. This Court assigned J. Robert Haley, P.O. Box 876, Charleston, South Carolina 29401, as counsel for the petitioner based upon his financial status. Mr. Haley and the petitioner had consulted in respect to possible plea arrangements. Specifically, the petitioner was informed that as a result of his Criminal History Category, and adjusted Offense Level, a term of from 30 to 40 months of imprisonment would be approved by the United States Attorney's Office and this Court.

6. That counsel unambiguously informed the petitioner that provided he pled guilty, the <u>total</u> sentence would not exceed 40 months.

7. That as a result of counsel's indication, the petitioner pled guilty in June, 2001 to Two Counts of the indictment. This Court conducted the plea colloquy, and at that proceeding, when the petitioner was questioned in regards to whether any promises were made, counsel informed the petitioner to reply in the negative despite counsel's assurances of a range of between 30 to 40 months.

8. Subsequent to the plea proceeding, the initial pre-sentence report was prepared in relation to this proceeding. That report detailed a guidelines range of between 97 to 108 months of imprisonment, based upon numerous enhancements and Grouping.

9. Following objections to the initial pre-sentence report, the total offense level equated to from 63-78 months of imprisonment.

10. On September 27, 2001, this Court sentenced the petitioner to a term of 70 months to be followed by a three (3) year term of supervised release.

11. Subsequent to sentencing, the petitoner filed, Pro Se, a motion pursuant to 28 USC § 2255, in order to receive the credit for time served within State custody, in relation to conduct which was fully taken into account in configuring the instant guideline range. This petition was filed within the United States District Court, for the ~~Northern~~ District of South Carolina.

12. Subsequent to the filing, the district court construed the filed petition, as requesting relief pursuant to 28 USC § 2241, challenging the execution of the petitioner's sentence. The matter was referred to this Court, and on August 4, 2003, this Court entered an Order modifying the petitioner's sentence to reflect the requested state time credit.

A. Point I

Ineffective Assistance of Counsel in Relation to the Plea

13. In this case, it is asserted that counsel informed the petitioner that his guideline range would be from 30 to 40 months in total, as a result of the petitioner's guilty plea. Counsel however, neglected to attribute the Grouping Guideline pursuant to § 3D1.2 (grouping offenses for closely related counts). As a result of counsel's erroneous advise, the petitioner was led to believe that his total term of imprisonment would be in that range.

14. The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecutions. See McMann v. Richardson, 397 U.S. 759 (1970); Cuyler v. Sullivan, 446 U.S. 335 (1980). In Strickland v. Washington, the Supreme Court established a two-prong test to evaluate ineffective assistance claims. 466 U.S. 668 (1984).

15. In deciding whether a counsel's performance was ineffective, a court must consider the totality of the circumstances. See, Strickland, 466 U.S. at 690 (1984). Nonetheless the defendant must point to actual ineffectiveness, either through specific errors or omissions of counsel. To obtain relief, the defendant must prove: (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome of the proceeding; See Glover v. U.S., 531 U.S. 198 (2001); Williams v. Taylor, 529 U.S. 362 (2000).

16. In the context of a guilty plea, a defendant can satisfy the prejudice prong by demonstrating that but for counsel's deficient performace, a reasonable probability exists that the defendant would not have pleaded guilty. See, Hill v. Lockhart, 474 U.S. 52, 59 (1985); U.S. v. Hansel, 70 F.3d 6, 8 (2d Cir. 1995); United States v. Grenados, 168 F.3d 343 (8th Cir. 1999) (counsel's ignorance of sentencing guideline in guilty plea context was prejudicial because counsel's error resulted in an additional 40-50 months in the defendant's sentence); and United States v. McCoy, 215 F.3d 102, 108 (D.C.Cir. 2000) (counsel's failure to correctly apply Sentencing Guidelines in advising the defendant to plead guilty was prejudicial because defendant would not have accepted plea had he known the true length of the sentence).

17. This case closely parallels that of McCoy, and Grenados, in that the petitioner's "belief" was that as a result of his plea, he would have received a term of from 30 to 40 months.

B. Consequence of a Plea

18. A defendant may enter a plea of guilty. See, Fed.R.Crim P. Rule 11(a). By pleading guilty, a defendant admits all of the elements of the charged crime. See, U.S. v. Broce, 488 U.S. 563 (1989). Because a defendant waives many constitutional rights by pleading guilty, the plea must be entered into knowingly and voluntarily. See, Parke v. Raley, 506 U.S. 20, 29 (1992); U.S. v. Hernandez, 203 F.3d 614 (9th Cir. 2000). That plea must be entered with the advise of competent counsel. See, Tollett v. Henderson, 411 U.S. 258, 263 (1973)(citing Brady v. U.S., 397 U.S. 742 (1970).

19. To ensure that the plea is made voluntarily, the court must establish that the guilty plea is not the result of force, threats, or promises apart from the plea agreement. A defendant may claim that ineffective assistance of counsel prevented him from entering a knowing and voluntary plea. See, U.S. v. Gordon, 156 F.3d 376 (2d Cir. 1998); Dickerson v. Vaughn, 90 F.3d 87, 92 (3d Cir. 1996).

20. In this case, as evinced from the original September 27, 2001 sentencing procedings, counsel candidly admitted that he misadvised the petitioner as to the true length of his sentence, by neglecting to configure the Grouping Guidelines found in § 3D1.2, in that there were Two Counts in the charging instrument, and both Counts were closely related, thus implicating the Grouping provisions of the Sentencing Guidlines. Also as evinced from the record, the petitioner sole understanding was that as a result of his plea, he would have received a term of from 30-40 months of imprisonment. Had counsel correctly advised the petitioner of his true Guideline Range, he would not have pled guilty.

## C. Strict Compliance with the Written Plea Agreement

21. This assertion contains two separate, but inter-related arguments; a) that the petitioner's plea agreement stipulated only to one 7 level enhancement under Section 2G2.2(b)(2)(D), however pursuant to pre-sentence report, the petitioner was enhanced 7 further levels without a specific finding under USSG 6A1.2, and which is clear error; b) that the petitioner's plea agreement failed to indicate the imposition of supervised release, and that upon sentencing, the district court imposed a 3 year term of supervised release, violating the written plea agreement. This error was clear error under Rule 52(b), Fed.R.Crim.P.

### Discussion

22. Here, it is contended that the district court failed to make specific findings as to two (2) of the enhancements attributed at sentencing, and that this failure requires resentencing. 18 U.S.C. § 3553(c)(2) (2000); see, U.S. v. Medina, 167 F.3d 77, 80 (1st Cir. 1999) (court must make specific findings to give credence to upward adjustment); U.S. v. Amaya-Benitez, 69 F.3d 1243 (2d Cir. 1995); U.S. v. Pearce, 191 F.3d 488, 493 (4th Cir. 1999); U.S. v. Moore, 997 F.2d 30, 36 (5th Cir. 1993) (court must articulate specific reasons for basis on policies underlying Guidelines when making upward departure); U.S. v. Hendricks, 171 F.3d 1184, 1187 (8th Cir. 1999); U.S. v. Smith, 81 F.3d 915, 919 (10th Cir. 1995).

23. Here, despite the written plea agreement which stipulated that the petitioner was eligible for an enhancement under USSG § 2G2.2(b)(2)(D), the Court imposed two additional

enhancements pursuant to USSG § 2G2.2(b)(2)(C), and (b)(4), totaling an additional 7 levels from the stipulated offense level. It is asserted that the two additional enhancements were not supported by a specific finding as necessitated under USSG § 6A1.3(a), and or (b).

24. Alternatively, as to this issue, the petitioner contends that the intervening United States Supreme Court's Blakely decision, which calls into question the validity of the United States Sentencing Guidelines (specifically enhancements) allows this Court to modify the petitioner's sentence to reflect the actual terms of the written plea agreement.

Analysis

25. In Blakely, the United States Supreme Court considered whether the sentencing procedure folowed by courts in the State of Washington deprived the petitioner of his "federal constitutional right to have a jury determine beyond a reasonable doubt, all facts legally essential to his sentence." 2004 WL 1402697 at *4. On review to the Supreme Court, the Court held that the State's sentencing procedure violated the petitioner's right to trial by jury under Apprendi and its progeny. Id. at 124 S.Ct. 2531 (2004).

26. It is urged that this Court follow the majority of Circuits and district courts, which have held that Blakely applies to the Federal Guidelines. See, e.g., U.S. v. Montgomery, ___F.3d ___, 2004 WL 1562904 (6th Cir. July 14, 2004); United States v. Booker, 375 F.3d 508 (7th Cir. 2004); United States v. Landgarten, 325 F.Supp.2d 234 (E.D.N.Y. 2004); United States v. Einstman, 325

F.Supp.2d 373 (S.D.N.Y. 2004); United States v. Toro, 2004 WL 1575325 (D.Conn. July 8, 2004); United States v. Montgomery, 324 F.Supp.2d 1266 (D.Utah 2004); United States v. Croxford, 324 F.Supp.2d 1230 (D.Utah 2004); United States v. Medas, 323 F.Supp. 2d 436 (E.D.N.Y. 2004); and United States v. Shamblin, 323 F.Supp 2d 757 (S.D.W.Va. 2004).

27. As the Supreme Court recently heard arguments in both Fan Fan and Booker, supra, it is asserted that should the Supreme Court favorably rule as to these two critically important cases, that this Court must then follow the Supreme Court's precedent. Insofar, as the Court has not yet issued its written opinion, it is respectfully requested that this Court hold the ruling upon this issue in abeyance until the Court publishes it's decision.

Plain Error Review

28. This Court must review the petitioner's challenge to his sentence for plain error since he failed to raise this objection. See, United States v. Miller, 263 F.3d 1, 4 (2d Cir. 2001) (reviewing sentencing errors first raised on appeal for plain error); United States v. Robie, 166 F.3d 444 (2d Cir. 1999).

29. This Court must review a claim for plain error under the four pronged test in United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770 (1993), which states that: "Before a Court can correct an error not raised at trial, there must be (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

### Error

30. The indictment in this case charged Allaben with two counts of an indictment, which each carry a statutory maximum sentence of 5 years. The petitioner specifically pleaded guilty to both counts, under the impression that his sentence would not exceed 40 months under counsel's advise, The petitioner signed a stipulated plea agreement which allowed for one 7 level upward departure, however, the presentence report indicated that not only would the grouping Guidelines come into effect, increasing the petitioner's potential exposure by a factor of 40%, the report detailed two other, additional enhancements that increased Allaben's exposure by a factor of 100%. This Court, over the objection of counsel as to the two additional enhancements, sentenced the petitioner to a term that exceeded the original plea sentence, by 100%. Thus, the first prong of Olano is met.

### Error that is Plain

31. The second prong of Olano is also satisfied. An error is "plain" if it deviates from the established rule that is "clear" or "obvious" either at the time of trial or sentencing. See, Olano, 507 U.S. at 734, 113 S.Ct. 1770.

32. In this case, it is asserted that the district court erroneously modified the written plea agreement. Cuevalis, 969 F.2d at 1442; U.S. v. Braimah, 3 F.3d 609 (2d Cir. 1993); U.S. v. Bohn, 959 F.2d 389 (2d Cir. 1992); and United States v. Larrios, 39 F.3d 986 (9th Cir. 1994). The district court could have rejected the plea agreement, however, he chose not to. Therefore, the court's sentencing error was "plain".

### Error that Affects Substantial Rights

33. An error "affects substantial rights" if it was prejudicial, meaning that it affected the outcome of the district court's proceeding. Olano, 507 U.S. at 734. Here, Allaben's sentencing exposure increased by a factor of 100%. In other words, Allaben was informed that his sentence would not exceed 40 months, however, based upon the Grouping Guidelines (for which he was not advised), and the two additional enhancements, Allaben's sentence increased one hundred fold in this case. It is beyond cavil, that imprisonment for an additional period of time beyond the penalty authorized, constitutes prejudice. See, Nordby, 225 F.3d at 1061 (holding that significant increases in sentences constitutes plain error, thereby implicitly affecting the defendant's substantial rights. U.S. v. Dale, 178 F.3d at 434 (same).

34. Following the reasoning in U.S. v. Zillgitt, 286 F.3d 128 (2d Cir. 2002), this Court must find that since Allaben's sentence exceeded by more than 80% the sentence the district court could have imposed, absent the additional enhancements, that the fairness of the judicial proceedings were "seriously affected" in this case by the magnitude of the increase that resulted from the sentencing error. Thus, as a result, this court must resentence the petitioner.

### The Absence of Supervised Release from the Plea Agreement

35. In this case, it is asserted that the written plea agreement for which Allaben entered into, omitted any mention of supervised release, and that the district court's imposition of a term of three years of supervised release, violated the contracted for sentence.

36. This case closely parallels that of United States v. Bounds, 941 F.2d 541 (5th Cir. 1991), where that Circuit Court reversed Bounds sentence because the imposition of three years of supervised release exceeded his contracted for 25 year sentence under Federal Rules of Criminal Procedure, Rule 11(c)(1). See, U.S. v. Thorne, No. CR-94-453 (DKC), and No. 95-CR-5568, where the Fourth Circuit Court of Appeals agreed that the imposition of a term of supervised release, above that on a contracted for plea, violated that agreement.

37. Here, Allaben specifically entered into the written agreement without any indication of supervised release, and it was only at sentencing that the term of supervised release was first mentioned. By virtue of the imposition of that term, the appellant's sentence is increased by an additional 3 years hypothetically as discussed within Bounds, supra, and its' progeny.

Therefore, it is respectfully urged that this Court issue an Order for resentencing , absent the additional two enhancements and with specific findings; and to vacate the imposition of the three year term of supervised release.

Respectfully,

*/s/ Stanton D. Allaben*
Stanton D. Allaben

October 23, 2004